IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42582

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 401 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 24, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MATTHEW MUNTS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Matthew Munts appeals from his judgment of conviction for felony possession of a controlled substance. For the reasons set forth below, we affirm.

The State charged Munts with felony possession of methamphetamine, Idaho Code § 37-2732, after a baggy of methamphetamine and two hypodermic needles were found in his vehicle. A public defender was appointed to represent Munts, and she filed a motion to suppress and a motion in limine. The district court held a hearing on the motion to suppress and ultimately denied the motion. After denying the motion, the presiding judge informed the parties that she had another trial to be held in a different county, and that a new judge would preside over the trial in this matter and that the new judge would consider the motion in limine before trial.

A few days before trial, Munts sent a letter addressed to the original judge requesting a thirty-day extension of the trial date and for the court to "relieve [his] attorney of her services

1

and seek a more competent source to handle my present legal litigations, 'Ineffective Counsel.'" A notation on the bottom of the letter read "CC: Judge, PA & DA." The morning of trial, the new judge ruled on the motion in limine and then asked if both parties were ready to proceed to trial. The State and defense counsel responded affirmatively, and the court proceeded to trial. No notice, discussion, or inquiry was conducted about Munts' letter requesting substitute counsel. Ultimately, a jury found Munts guilty of felony possession of a controlled substance and the court imposed a unified sentence of four years with one year determinate. Munts asserts that the district court abused its discretion by not conducting an adequate inquiry into his request for appointment of substitute counsel.

Munts' letter did not assert a conflict of interest. An affirmative duty of inquiry arises when the court "knows or reasonably should know that a particular conflict may exist." *State v. Skunkcap*, 157 Idaho 221, 237, 335 P.3d 561, 577 (2014). A vague unspecified possibility of a conflict is insufficient to require an inquiry. *Mickens v. Taylor*, 535 U.S. 162, 168-69 (2002); *Hall v. State*, 155 Idaho 610, 619 (2013). "The mere lack of confidence in an otherwise competent counsel is not grounds for the appointment of substitute counsel." *Skunkcap*, 157 Idaho at 237, 335 P.3d at 577. Munts merely stated that he would like more competent counsel and alleged "Ineffective Counsel." Munts' vague statements in the letter neither triggered a duty of inquiry nor asserted grounds for substitute counsel. *See State v. Lippert*, 152 Idaho 884, 887, 276 P.3d 756, 759 (Ct. App. 2012). Accordingly, the judgment of the district court is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.